**UNITED STATES of America,**
**Appellee,**

v.

**Michael BOTTICELLO, Appellant.**

**No. 339, Docket 33828.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 3, 1969.

Decided March 5, 1970.

Walter M. Phillips, Jr., Elkan Abramowitz, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for appellee.

Richard W. Hulbert, New York City, for appellant.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

The appellant, Michael Botticello, was convicted after a jury trial in the United States District Court for the Southern District of New York of having violated 18 U.S.C. § 1952.[1] The indictment charged him with traveling in interstate commerce with intent to commit the crime of extortion, and with subsequently committing a crime of violence, to wit, robbery, in furtherance of such intent.[2]

I. The statute provides as follows:

§ 1952. Interstate and foreign travel or transportation in aid of racketeering enterprises.

(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—

(1) distribute the proceeds of any unlawful activity; or

(2) commit any crime of violence to further any unlawful activity; or

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

(b) As used in this section "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics, or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, or (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.

(c) Investigations of violations under this section involving liquor or narcotics shall be conducted under the supervision of the Secretary of the Treasury.

2. The Grand Jury charged as follows:

On or about the 7th day of March, 1969, in the Southern District of New York, Michael Botticello, the defendant, unlawfully, wilfully and knowingly did travel in interstate commerce between New York, New York, and Jersey City, New Jersey, with intent to commit a crime of violence, to wit, robbery of one Anthony Farron, to further an unlawful activity, to wit, extortion, in violation of the laws of the State of New Jersey and of the United States, and thereafter did perform and attempt to perform the aforesaid robbery of Anthony Farron.

Appellant did not take the stand at trial and the facts relative to the commission of the alleged crimes were those testified to by Anthony Farron, a married librarian in a secondary school in New York City. By chance Farron encountered Botticello in the early evening of Friday, March 7, 1969, in Grand Central Station. They had become acquainted with each other in 1966 and at that time had casually conversed several times. Farron invited Botticello to join him in a drink at a station bar and subsequently to visit his apartment in New Jersey. On the way to the apartment the two purchased a bottle of vodka, and, while waiting for a bus, they had another drink at a bar in the Port Authority Bus Terminal.

Shortly after arriving at Farron's New Jersey apartment, Botticello threatened Farron with a knife and, while informing him that he had already taken Farron's wallet, demanded his money and watch. Farron complied, giving Botticello $18 and a watch worth $175.00. Botticello also ordered Farron to produce $1000 by the following Monday evening or he would be beaten. Farron then drove Botticello back to New York City. Farron did not pay the $1000 by the next Monday evening, and in the morning he had the impression that during that night the lock on his apartment door had been tampered with although he had not heard or seen anyone.

Appellant claims that prejudicial errors of such magnitude occurred during his trial that his conviction must be reversed. We agree. The statute under which appellant was convicted requires that the person charged with the crime must have traveled between states with an intent to commit a crime of violence and that he "thereafter" perform or attempt to perform such a crime. The trial judge originally gave the jury a correct instruction on both of these points. However, the jury after retiring asked in a note, "Is it necessary that the defendant left New York with the intention in his mind to commit a crime, extortion

or otherwise, to find the defendant guilty under this charge?" In response, the judge first stated that it was not, and then instructed the jury that if it found an extortion threat to have been made, then "you will see that this is a continuing act," so that by inference the jury were told that the return trip to New York would constitute the necessary interstate travel with intent to commit extortion. The Government does not contest the fact that the instruction conveyed this meaning.

■ We hold that conviction here on the theory of a "continuing act" violates the intent of the statute. The indictment charged that Botticello performed the crime of robbery after crossing state lines, not that he performed some continuing act of extortion. A defendant cannot be convicted on the basis of an act not charged in the indictment. Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Even if the indictment had charged a continuing act there would not be any substance to a claim that there was continuing criminality on the facts found here. Botticello's return to New York did nothing to further his scheme of extortion; no overt act was performed in New York to make the scheme's success more likely. The threat made in New Jersey bore no relationship at all to Botticello's return to New York. It seems clear that federal interdictions of interstate travel require some more intimate relationship between the trip and the performance of wrongful acts than these facts demonstrate. Cf. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331 (1944); United States v. Hawthorne, 356 F.2d 740 (4 Cir.), cert. denied, 384 U.S. 908, 86 S.Ct. 1344, 16 L.Ed.2d 360 (1966). We cannot convert one's inaction after interstate travel into the action the statute requires be shown following the trip. The Government suggests in its brief that evidence of the necessary overt continuing act is to be found in Farron's story that he thought his lock was tampered with

after he failed to pay the money as ordered. However, assuming Farron's impression to carry any probative weight, there is no evidence that, if tampering did occur, Botticello had anything to do with it.

We reverse the conviction and do not find it necessary to examine appellant's other allegations of error on the part of the trial judge.

The case is remanded for further proceedings below.